NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-785

COMMONWEALTH

vs.

FARIZA A. ELAWAD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of assault and battery and resisting arrest.[1]  The victim of the assault and battery was the defendant's twelve year old daughter.  At trial, there was no dispute that the defendant struck her daughter in the face.  The defendant claimed however, that she was not criminally liable for her conduct because she was exercising her parental privilege to discipline her child.  On appeal, the defendant argues that the Commonwealth failed to present sufficient evidence to disprove her defense of parental privilege beyond a reasonable doubt and

_____

[1] The jury found the defendant not guilty of disorderly conduct.

also failed to introduce sufficient evidence to support a conviction of resisting arrest.  We affirm.

Background.  During the evening of February 4, 2019, three police officers from the Stoughton police department went to the defendant's home to conduct a well-being check on her daughter, whom we shall call Sally.  The officers spoke with the defendant and Sally in the driveway.  Sally appeared "sad and upset," and was "borderline crying."  According to one of the officers, as Sally was talking to them, the defendant became "upset" and "unhappy" about what Sally was telling them.  Another officer testified that the defendant became "enraged."  All three officers observed the defendant step toward Sally and strike her in the face with a closed fist.  The punch caused Sally to lose her balance and she almost fell to the ground.  One officer testified that "she [the defendant] hit [Sally] probably as hard as I've ever seen a woman hit another person," and the "hollow sound" of the punch made him "cringe."  All three officers were taken aback by the defendant's conduct.  Two officers testified that they were in "shock" and the other said "I couldn't even believe my eyes."  The daughter weighed about 110 pounds and was considerably smaller than the defendant, who weighed over 200 pounds.

The officers then informed the defendant that she was under arrest and attempted to handcuff her. The defendant began yelling and "screaming" that she was a good mother, could do what she wanted to her daughter, and would do it again. The defendant flailed her arms, pulled away, and then lowered herself to the ground. The officers needed to use two sets of handcuffs to restrain her.

As previously noted, the primary theory of the defense to the assault and battery charge was that the defendant had a right to discipline her daughter. The defendant asserted her defense of parental privilege through cross-examination of the officers, argument, and the testimony of her husband, who explained that physical discipline was an accepted practice in their home and within the family's religious and cultural beliefs.

<u>Discussion</u>. At the close of the Commonwealth's case-in-chief and at the close of all the evidence, the defendant filed motions for required findings of not guilty, which were denied. In evaluating the denial of a motion for a required finding of not guilty at the close of the Commonwealth's evidence, we view the evidence in the light most favorable to the Commonwealth to determine whether any "rational trier of fact could have found the essential elements the crime beyond a reasonable doubt"

3

(quotation and citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). In evaluating such a motion filed at the close of all the evidence, "we consider the state of the evidence . . . to determine whether the Commonwealth's position as to proof deteriorated after it closed its case." Commonwealth v. Semedo, 456 Mass. 1, 8 (2010), quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984).

1. Parental privilege defense. In Commonwealth v. Dorvil, 472 Mass. 1, 10 (2015), the Supreme Judicial Court recognized parents' rights to use reasonable limited physical force to discipline their child. The privilege provides that no criminal liability will attach to a parent's use of force against his or her child as long as:

> "(1) the force used against the minor child is reasonable; (2) the force is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and (3) the force used neither causes, nor creates a substantial risk of causing, physical harm (beyond fleeting pain or minor, transient marks), gross degradation, or severe mental distress."

Id. See Commonwealth v. Rosa, 94 Mass. App. Ct. 458, 461 (2018). "[E]ach of the three prongs constitutes a question for the trier of fact." Dorvil, supra at 13. As is the case with other affirmative defenses, "the Commonwealth bears the burden of disproving at least one prong of the defense beyond a reasonable doubt." Id.

4

Viewed in the light most favorable to the Commonwealth, we need go no further than evaluating the evidence regarding prong one of the parental discipline defense to conclude that the evidence adduced at trial was sufficient beyond a reasonable doubt to meet the Commonwealth's burden. The officers' testimony established that the defendant punched Sally with such force that the daughter, who was smaller in stature than the defendant, was nearly knocked over by the blow. The sound of the impact made one officer "cringe." All three officers said they were shocked by the incident. Based on this testimony, a rational trier of fact could conclude beyond a reasonable doubt that the force used was not reasonable.

Furthermore, nothing in the defendant's case caused the Commonwealth's evidence to deteriorate. To the contrary, the defendant's husband acknowledged during cross-examination that hitting a child with a closed fist was not appropriate.

Next, the defendant claims that the Commonwealth did not meet its burden of proving that the defendant resisted arrest beyond a reasonable doubt. A conviction for resisting arrest requires the Commonwealth to prove beyond a reasonable doubt that the defendant:

> "knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against

5

the police officer or another; or (2) using any other means
which creates a substantial risk of causing bodily injury
to such police officer or another."

Commonwealth v. Grandison, 433 Mass. 135, 144 n.18 (2001),
quoting G. L. c. 268, § 32B.  "The test to determine whether a
person understood that they were being arrested is an objective
one; i.e., 'what a reasonable man, innocent of any crime, would
have thought had he been in the defendant's shoes.'"
Commonwealth v. Soun, 82 Mass. App. Ct. 32, 36 (2012), quoting
Commonwealth v. Montoya, 73 Mass. App. Ct. 125, 127 (2008).

The defendant claims that a reasonable person in her
position would not have known that she was under arrest and that
the mere act of flailing her arms and pulling away from the
officers did not create a substantial risk of bodily harm.  This
argument ignores the requirement that the evidence must be
viewed in the light most favorable to the Commonwealth.  There
was testimony from three police officers, all of whom were in
uniform, that the defendant was informed that they were placing
her under arrest.  And, while none of the officers suffered any
injury, the defendant's reaction to their attempt to handcuff
her posed a potential danger of physical harm.  The defendant
used physical force to resist:  she flailed her arms, pulled
away, and leveraged her body weight to force herself to the
ground.  She continued to yell and scream that her actions were

6

justified and never complied with the officers' requests.  She instead resisted to the point where two sets of handcuffs were required to restrain her.  These facts were sufficient to establish the elements of resisting arrest beyond a reasonable doubt.

Judgments affirmed.

By the Court (Vuono, Meade & Hand, JJ.[2]),

Clerk

Entered:  January 6, 2025.

---

[2] The panelists are listed in order of seniority.